IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

                                          ORDER

ARDISAM, INC.,
a Wisconsin corporation,                    07-cv-0405-bbc

                Defendant.

---

      Here's the bottom line: we're back to a bench trial, at least for now, perhaps forever.

      At the October 17, 2007 preliminary pretrial conference, I set this case for a jury trial because I thought that the parties had requested one. No one disagreed at the time and thereafter, defendant told plaintiff that defendant thought this should be a jury trial. Plaintiff wrote to the court to ask for clarification. On December 4, 2007, this court entered an order outlining a no harm/no foul policy: if a party asks for a jury prior to or soon after the initial scheduling conference, and if the other side cannot proffer any prejudice from calling a jury, then the court will honor the request. So it was here. *See* dkt. 13.

      But in *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, ____ F.3d ____, ___ WL ___, Case Nos. 07-1708, 07-1821 (7th Cir., Nov. 30, 2007), the court was unforgiving of a jury demand that missed Rule 38(b)'s ten-day deadline. Slip op. at 8-9. In light of *Olympia Express*, the only prudent course is strictly to enforce Rules 38 and 39. Because defendant did not make a timely jury request, pursuant to Rule 38(d), defendant has waived this right. Pursuant to Rule 39(b), now this court may permit a jury only upon defendant's motion in which it shows a good reason for the belated demand. *Olympia Express*, Slip op. at 8.

Therefore, it is ORDERED that the trial in this case shall be to the court, not a jury. Defendant may file a motion requesting a jury trial, with defendant bearing the burden of showing a good reason for the late demand.

Entered this 13th day of December, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge